**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| **In re:** | **Case No. 15-_____** |
| **CARDIAC SCIENCE CORPORATION,** | **Chapter 11** |
| Debtor. | **Hon. Robert D. Martin** |

**MOTION FOR AN ORDER AUTHORIZING DEBTOR TO EMPLOY AND RETAIN GARDEN CITY GROUP, LLC AS NOTICE, CLAIMS AND BALLOTING AGENT PURSUANT TO 28 U.S.C. § 156(c)**

Cardiac Science Corporation, debtor and debtor-in-possession (the "Debtor"), hereby moves for the entry of an order pursuant to 28 U.S.C. § 156(c) and Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing and approving the retention of Garden City Group, LLC ("GCG") as notice, claims, and balloting agent to the Debtor.

Submitted herewith is the Affidavit of Angela Ferrante, Vice President, Operations (the "Ferrante Affidavit").

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference from the United States District Court for the Western District of Wisconsin dated June 12, 1984. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are 28 U.S.C. § 156(c) and §§ 363, 364(b) and 503(b) of Title 11 of the United States Code (the "Bankruptcy Code").

**Background**

3. On October 20, 2015 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor is continuing in possession of its property and is operating and managing its business, as a debtor-in-possession, pursuant to Bankruptcy Code §§ 1107 and 1108. No request has been made for the appointment of a trustee or an examiner, and no official committee has been established as of the date of this filing.

5. More information on the Debtor and its operations can be found in the *Affidavit of Michael Kang in Support of First Day Pleadings* (the "Kang Affidavit") filed herewith and incorporated by reference.

**Relief Requested**

6. The Debtor has approximately 1,700 potential creditors. Upon information and belief, the Office of the Clerk of the Bankruptcy Court for the Western District of Wisconsin (the "Clerk's Office") is not best equipped to efficiently and effectively serve notice on the potentially large number of creditors and interested parties in this case, or to administer the multitude of claims that are expected. The sheer magnitude of the Debtor's creditor body makes it impractical for the Clerk's Office to undertake these tasks.

7. The Debtor respectfully submits that the most effective and efficient way to notice these creditors and interested parties and to transmit, receive, docket, maintain, photocopy and scan claims, is for the Debtor to engage an independent third party to act as the Debtor's notice and claims agent. The Debtor may also require the services of an agent to administer votes pursuant to a plan of reorganization. Accordingly, the Debtor proposes to employ GCG as notice, claims and balloting agent to, among other things, assist the Debtor in

distributing notices, as necessary, and to process other administrative information pertaining to the Chapter 11 case. The Debtor believes that GCG is well-qualified to serve in this capacity, and that GCG's retention is in the best interests of the Debtor's estate and its creditors. The Debtor chose GCG based on both its experience and the competitiveness of its fees.

8. Title 28, Section 156(c) of the United States Code, which governs the staffing and expenses of bankruptcy courts, states in pertinent part:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the cost of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

9. GCG is a firm that specializes in noticing, claims processing, balloting and other administrative tasks in Chapter 11 cases. The Debtor proposes to retain GCG on substantially the terms and conditions set forth in the agreement (the "<u>Retention Agreement</u>") attached hereto as **Exhibit A**.

10. GCG is one of the country's leading chapter 11 administrators and its professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of Chapter 11 cases and experience in matters of this size and complexity. GCG is well-qualified to provide experienced claims and noticing services in connection with this case. GCG is or was retained as the claims and noticing agent in a number of large chapter 11 cases nationwide, including, but not limited to, the following: *American Apparel, Inc., et al.*, No. 15-12055 (BLS) (Bankr. D. Del. Oct. 5, 2015); *Quicksilver Resources Inc., et al.*, No. 15-10585 (LSS) (Bankr. D. Del. March 17, 2015); *ProNerve Holdings, LLC, et*

*al.*, No.15-10373 (KJC) (Bankr. D. Del., Feb. 24, 2015); *AmCad Holdings, LLC, et al.*, No. 14-12168 (MFW) (Bankr. D. Del. Sept. 19, 2014); *In re ZCO Liquidating Corp. (f/k/a OCZ Tech. Grp., Inc.), et al.*, No. 13-13126 (PJW) (Bankr. D. Del. Dec. 2, 2013); *In re Savient Pharm., Inc., et al.*, No. 13-12680 (MFW) (Bankr. D. Del. Oct. 14, 2013); *In re Maxcom Telecomunicaciones, S.A.B. de C.V., et al.*, No. 13-11839 (PJW) (Bankr. D. Del. July 23, 2013); *In re Exide Techs.*, No. 13-11482 (KJC) (Bankr. D. Del. June 10, 2013); *In re Central European Distribution Corporation, et al.*, No. 13-10738 (CSS) (Bankr. D. Del. Apr. 7 2013); *In re Geokinetics, Inc., et al.*, No. 13-10472 (KJC) (Bankr. D. Del. Mar. 10, 2013).

### **GCG's Disinterestedness**

11.     Although the Debtor does not propose to employ GCG under section 327 of the Bankruptcy Code, GCG nonetheless reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtor, and, to the best of the Debtor's knowledge, information and belief, and except as disclosed in the Ferrante Affidavit, GCG has represented that it neither holds nor represents any interest materially adverse to the Debtor's estate in connection with any matter on which it would be employed.

12.     Moreover, in connection with its retention, GCG represents in the Ferrante Affidavit, among other things, that:

   a. GCG and its personnel are not creditors, equity security holders, or insiders of the Debtor;

   b. GCG and its personnel are not, and were not, within two years before the date of the filing of this Chapter 11 Case, directors, officers, or employees of the Debtor;

   c. GCG and its personnel do not have an interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor;

   d. GCG is a "disinterested person" as that term is defined in

        section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged; and

   e.    GCG will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

13.    Upon information and belief, GCG further represents, among other things, that:

   a.    GCG will not consider itself employed by the United States government and shall not seek any compensation from the United States government in connection with this Chapter 11 case;

   b.    by accepting employment in this Chapter 11 case, GCG waives any rights to receive compensation from the United States government in connection with this Chapter 11 case;

   c.    GCG will not be an agent of the United States and will not act on behalf of the United States;

   d.    GCG will not misrepresent any fact to the public; and

   e.    GCG will not employ any past or present employees of the Debtor in connection with its work in the Chapter 11 case.

### Scope of Services to be Provided by GCG

14.    Pursuant to the Retention Agreement, GCG, at the Debtor's or the Clerk's Office's request, may provide the following services:

   a.    prepare and serve required notices and documents in this Chapter 11 case in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtor and/or the Court, including (i) notice of the commencement of the Chapter 11 case and the initial meeting of creditors under Bankruptcy Code § 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtor's plan of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan, and (vii) all other notices, orders, pleadings, publications and other documents as the Debtor or Court may deem necessary or appropriate for an orderly administration of this Chapter 11 case;

   b.    maintain an official copy of the Debtor's schedules of assets and liabilities and statements of financial affairs (collectively, the

WHD/11892580.3       5

     "Schedules"), listing the Debtor's known creditors and the amounts owed thereto;

c. maintain (i) a list of all potential creditors, equity holders and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party-in-interest or the Clerk;

d. furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

e. maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

f. preparing its Schedules of Assets and Liabilities, Statements of Financial Affairs, an equity security holders list and a master creditors list and any amendments thereto;

g. for *all* notices, motions, orders, or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

h. process all proofs of claim received, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

i. maintain the official claims register for the Debtor (collectively, the "Claims Register") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim

      (*e.g.*, secured, unsecured, priority, *etc*.), (vi) the applicable Debtor, and (vii) any disposition of the claim;

j.     implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

k.     record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e); provided, however, that if any evidence of transfer of claim(s) is filed with the Court pursuant to Bankruptcy Rule 3001(e), and if the evidence of transfer or notice thereof executed by the parties purports to waive the 21-day notice and objection period required under Bankruptcy Rule 3001(e), then Claims and Noticing Agent may process the transfer of claim(s) to change the name and address of the claimant of such claim to reflect the transfer, and the effective date of such transfer will be the date the evidence of such transfer was docketed in the case;

l.     relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of GCG, not less than weekly;

m.     upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

n.     monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

o.     identify and correct any incomplete or incorrect addresses in any mailing or service lists;

p.     assist in the dissemination of information to the public and respond to requests for administrative information regarding this Chapter 11 case as directed by the Debtor or the Court, including through the use of a case website and/or call center;

q.     if the Chapter 11 case is converted to a case under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three days of notice to GCG of entry of the order converting the cases;

r.     managing the preparation, compilation and mailing of documents to creditors and other parties in interest in connection with the solicitation of a Chapter 11 plan (a "Plan");

WHD/11892580.3                           7

s.  collecting and tabulating votes in connection with any Plan filed by the Debtors and providing ballot reports to the Debtor and its professionals;

t.  generating an official ballot certification and testifying, if necessary, in support of the ballot tabulation results;

u.  launching, administering, and managing any rights offering, including but not limited to processing the relevant forms, collecting and managing payments, and making or assisting in the distributions of cash, securities, and/or other entitlements in connection with any rights offering;

v.  managing the publication of legal notices;

w.  managing any distributions made pursuant to a Plan;

x.  assisting with claims reconciliation, including generating claim objection exhibits and contract cure notices;

y.  thirty days before the close of this Chapter 11 case, to the extent practicable, request that the Debtor submit to the Court a proposed order dismissing GCG and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of the Chapter 11 case;

z.  within seven days of notice to GCG of entry of an order closing the Chapter 11 case, provide to the Court the final version of the Claims Register as of the date immediately before the close of the Chapter 11 case;

aa.  at the close of the Chapter 11 case, box and transport all original documents, in proper format, as provided by the Clerk's office, to (i) 120 N. Henry Street, Room 340, Madison, WI 53703; or (ii) any other location requested by the Clerk's office; and

bb.  providing any and all necessary administrative tasks not otherwise specifically set forth above as the Debtor or its professionals may require in connection with the Chapter 11 case.

15.    Additionally, to the extent any notice served is required to be given via regular mail, GCG will, before mailing the notice of commencement or key matrix mailings, run the list of creditors and equity security holders through (i) the National Change of Address software maintained by the United States Postal Service (the "USPS") and (ii) standardization and

verification software that is CASS (Coding Accuracy Support System) certified by the USPS (clauses (i) and (ii) collectively, the "USPS Software") to update any addresses provided by the Debtor based on its books and records and to conform such records to USPS standards. If the USPS Software determines that a mailing address has changed, the Debtor proposes that GCG shall mail documents to the updated address; provided, however, that GCG shall be under no obligation to mail to the original address. If mail is returned to GCG as undeliverable with a forwarding address, the Debtor proposes that GCG shall re-mail the document to the new address and update its mailing database accordingly. If mail is returned to GCG as undeliverable with no forwarding address, the Debtor proposes that GCG should be under no further obligation to mail any notices or other pleadings to that address.

16. The Claims Registers shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by GCG.

17. The Debtor believes that the notice, claims and balloting services provided by GCG will not duplicate the services that, subject to this Court entering or having entered appropriate orders, other retained professionals would provide to the Debtor in this Chapter 11 case. GCG will carry out unique functions and will use reasonable efforts to coordinate with the Debtor's counsel and the Debtor's professionals to avoid the unnecessary duplication of services.

## Professional Compensation

18. The Debtor respectfully submits that the rates to be charged by GCG for its services in connection with the notice and claims processing efforts are competitive and comparable to the rates charged by its competitors for similar services.[1]

19. Furthermore, the Debtor submits that the fees and expenses incurred by GCG are administrative in nature and thus are not subject to standard fee-application procedures of professionals. As such, and as is the standard protocol for GCG 's Chapter 11 engagements, the Debtor requests authorization to compensate GCG in the ordinary course of business without further order of this Court for services rendered upon the submission of GCG to the Debtor of monthly invoices that summarize in reasonable detail the services for which compensation is sought. GCG agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred. GCG also agrees to provide copies of such records to the United States Trustee and/or any official committee of unsecured creditors appointed in the Chapter 11 case, upon the request of such party.

20. Prior to the Petition Date, the Debtor provided GCG with a retainer in the amount of $25,000 under the terms of the Retention Agreement. GCG will apply the retainer to all prepetition invoices, and thereafter, seeks to have the retainer replenished to the original retainer amount, and to hold the retainer under the Retention Agreement during the Chapter 11 case as security for the payment of fees and expenses incurred under the Retention Agreement.

---

[1] Information regarding the exact fees to be charged by GCG as claims and noticing agent will be provided directly to UST upon request. The parties have agreed to a fee cap of $350,000 excluding out of pocket expenses and fees relating to printing and publication, provided, however, no more than two thousand (2,000) creditors file claims and the bankruptcy case concludes within six (6) months of the Petition Date. If either more than two thousand (2,000) creditors file claims and/or the bankruptcy case does not conclude within six (6) months of the Petition Date, the parties have agreed to either renegotiate an increased fee cap or file a motion with this Court seeking termination of the Retention Agreement.

21. Additionally, under the terms of the Retention Agreement, the Debtor agreed to indemnify, defend, and hold harmless GCG and its directors, officers, employees, affiliates, and agents under certain circumstances specified in the Retention Agreement, except in circumstances resulting solely from GCG's gross negligence or willful misconduct or as otherwise provided in the Retention Agreement or Retention Order. The Debtor believes that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a claims, noticing and balloting agent in the Chapter 11 case.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

22. To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Notice

23. Notice of this Motion will be provided via electronic mail, or facsimile, to the parties or their counsel identified on the attached Service List. Given the nature of the relief requested herein, Debtor submits that no other notice is necessary and asks the Court, pursuant to Fed. R. Bankr. P. 9007, to approve the same.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order (a) authorizing and approving the retention of Garden City Group, LLC as notice and claims agent to the Debtor and (b) granting such other and further relief as the Court deems appropriate.

Dated this 20th day of October, 2015

        CARDIAC SCIENCE CORPORATION
        Debtor and Debtor-In-Possession


By:   /s/ *Daryl L. Diesing*
      Daryl L. Diesing
      Frank W. DiCastri
      Lindsey M. Greenawald
      WHYTE HIRSCHBOECK DUDEK, S.C.
      555 E. Wells Street, Suite 1900
      Milwaukee, WI  53202
      Telephone: (414) 273-2100
      Facsimile:  (414) 223-5000
      Email: ddiesing@whdlaw.com
            fdicastri@whdlaw.com
            lgreenawald@whdlaw.com

and

Daniel J. McGarry
Iana A. Vladimirova
WHYTE HIRSCHBOECK DUDEK, S.C.
33 E. Main Street, Suite 300
P.O. Box 1379
Madison, WI  53701-1379
Telephone:  (608) 255-4440
Facsimile:  (608) 258-7138
Email: dmcgarry@whdlaw.com
       ivladimirova@whdlaw.com

*Proposed counsel to the Debtor and Debtor-in-Possession*

## **SERVICE LIST**

**GCG Garden City Group, LLC**

## MASTER SERVICE LIST
*In re* Cardiac Science Corporation
As of 10/20/2015 12:45:47 PM **

| Source * | Function/Party Represented | Company | Contact | Address 1 | Address 2 | Address 3 | City (Foreign ZIP/Country) | State | Zip | Country | Fax | Email |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MSL | BANKING INSTITUTION | US BANK | ATTN SUZANNE M BEDROS, VP, SPECIAL ASSETS GROUP | US BANCORP CENTER | 800 NICOLLET MALL | | MINNEAPOLIS | MN | 55402 | US | 612-303-4660 | suzanne.bedros@usbank.com |
| MSL | BANKING INSTITUTION | US BANK | ATTN DENISA TEODORESCU | PD WA T11S | 1420 FIFTH AVE FLOOR 11 | | SEATTLE | WA | 98101 | US | 206-344-2332 | denisa.teodorescu@usbank.com |
| MSL | BANKING INSTITUTION | WAUKESHA STATE BANK | ATTN MICHELLE BANKS, BANK MANAGER | 151 E ST PAUL AVE | | | WAUKESHA | WI | 53188 | US | | mbanks@waukeshabank.com |
| MSL | BOARD OF DIRECTORS | KUGMAN PARTNERS INC | ATTN TREVOR TOPPEN | 736 N WESTERN AVE, #200 | | | LAKE FOREST | IL | 60045 | US | 312-251-5551 | ttoppen@kugman.com |
| MSL | BOARD OF DIRECTORS | KUGMAN PARTNERS INC | ATTN BRENT KUGMAN | 736 N WESTERN AVE, #200 | | | LAKE FOREST | IL | 60045 | US | 312-251-5551 | bkugman@kugman.com |
| MSL | BOARD OF DIRECTORS' COUNSEL | GODFREY & KAHN, SC | ATTN TIMOTHY F NIXON | 780 N WATER ST | | | MILWAUKEE | WI | 53202 | US | 414-273-5198 | tnixon@gklaw.com |
| MSL | COMPANY BOARD OF DIRECTORS | WILLOW TREE CONSULTING GROUP | ATTN CARL LANE | 233 S WACKER, 84TH FL | | | CHICAGO | IL | 60606 | US | 312-283-8821 | clane@willowtreecg.com |
| MSL | COUNSEL FOR FORMER BOARD, OFFICERS AND EMPLOYEES VINOD RAMNANI, THOMAS DIETIKER, JAYESH PATEL, ARVIND MANJEGOWDA, SRIDHAR THYAGARAJAN AND ASHWIN KHEMANI | KRAVIT HOVEL & KRAWCZYK SC | ATTN STEPHEN KRAVIT | 825 N JEFFERSON ST, STE 500 | | | MILWAUKEE | WI | 53202 | US | 414-271-8135 | kravit@kravitlaw.com |
| MSL | COUNSEL FOR FORMER BOARD, OFFICERS AND EMPLOYEES VINOD RAMNANI, THOMAS DIETIKER, JAYESH PATEL, ARVIND MANJEGOWDA, SRIDHAR THYAGARAJAN AND ASHWIN KHEMANI | KRAVIT HOVEL & KRAWCZYK SC | ATTN BENJAMIN PRINSEN | 825 N JEFFERSON ST, STE 500 | | | MILWAUKEE | WI | 53202 | US | 414-271-8135 | brp@kravitlaw.com |
| MSL | COUNSEL FOR NISHITA PATEL | MEISSNER TIERNEY FISHER & NICOLS | ATTN MICHAEL J COHEN | 111 E KILBOURN AVE, 19TH FL | | | MILWAUKEE | WI | 53202 | US | 414-273-5840 | mjc@mtfn.com |
| MSL | COUNSEL FOR OPTO CARDIAC CARE LTD. AND OPTO CIRCUITS (INDIA) LTD. | QUARLES & BRADY LLP | ATTN MARK T ERHMANN | 33 E. MAIN ST, #900 | | | MADISON | WI | 53703 | US | 602-229-5690 | mark.erhmann@quarles.com |
| MSL | COUNSEL FOR OPTO CARDIAC CARE LTD. AND OPTO CIRCUITS (INDIA) LTD. | QUARLES & BRADY LLP | ATTN VALERIE BAILEY-RIHN | 33 E. MAIN ST, #900 | | | MADISON | WI | 53703 | US | 602-229-5690 | val.bailey@quarles.com |
| MSL | COUNSEL FOR US BANK | FAEGRE BAKER DANIELS | ATTN MICHAEL R STEWART | 2200 WELLS FARGO CENTER | 90 S SEVENTH ST | | MINNEAPOLIS | MN | 55402 | US | (61-2) -766- | michael.stewart@faegrebd.com |
| MSL | GOVERNMENT ENTITY | ATTORNEY GENERAL'S OFFICE | ATTN PUBLIC INQUIRY UNIT | CALIFORNIA DEPARTMENT OF JUSTICE | PO BOX 944255 | | SACRAMENTO | CA | 94244 | US | (91-6) -323- | |
| MSL | INTERNAL REVENUE SERVICE | INTERNAL REVENUE SERVICE | | INSOLVENCY UNIT | PO BOX 7346 | | PHILADELPHIA | PA | 19101 | US | | |
| MSL | LENDER | CFS 915, LLC | ATTN AYUSH SINGHANIA | 10877 WILSHIRE BLVD, #2250 | | | LOS ANGELES | CA | 90024 | US | | singhania@auroracap.com |
| MSL | LENDER | CFS 915, LLC | ATTN SEAN OZBOLT | 10877 WILSHIRE BLVD, #2250 | | | LOS ANGELES | CA | 90024 | US | | sozbolt@auroracap.com |
| MSL | LENDER | HDFC BANK LTD | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | BAHRAIN BRANCH | WEST TOWER, 40TH FL, BLDG, #1459, ROAD #4626 | | MANAMAN Bahrain | | | BH | | |
| MSL | LENDER'S COUNSEL | FOLEY & LARDNER LLP | ATTN THOMAS L SHRINER, JR | 777 E. WISCONSIN AVE | | | MILWAUKEE | WI | 53202 | US | 414-297-4900 | tshriner@foley.com |
| MSL | LENDER'S COUNSEL | FOLEY & LARDNER, LLP | ATTN MATTHEW D LEE | 150 E GILMAN ST, STE 5000 | | | MADISON | WI | 53703 | US | 608-258-4258 | mdlee@foley.com |
| MSL | LENDER'S COUNSEL | LATHAM & WATKINS LLP | ATTN CAROLINE A RECKLER | 330 N WABASH AVE, #2800 | | | CHICAGO | IL | 60611 | US | 213-891-8763 | caroline.reckler@lw.com |
| MSL | LENDER'S COUNSEL | LATHAM & WATKINS LLP | ATTN JOSEF A ATHANAS | 330 N WABASH AVE, #2800 | | | CHICAGO | IL | 60611 | US | 213-891-8763 | josef.athanas@lw.com |
| MSL | PROPOSED CHIEF RESTRUCTURING OFFICER AND FINANCIAL ADVISOR | ALVAREZ AND MARSAL NORTH AMERICA LLC | ATTN MICHAEL KANG | 425 MARKET ST, FL 18 | | | SAN FRANCISCO | CA | 94105 | US | 415-490-2300 | mkang@alvarezandmarsal.com |
| MSL | PROPOSED CLAIMS AND NOTICING AGENT FOR DEBTORS | GARDEN CITY GROUP, LLC | ATTN ISABEL BAUMGARTEN | 1985 MARCUS AVE, STE 200 | | | LAKE SUCCESS | NY | 11042 | US | 631-940-6554 | isabel.baumgarten@gardencitygroup.com |
| MSL | PROPOSED COUNSEL FOR DEBTORS | WHYTE HIRSCHBOECK DUDEK SC | ATTN FRANK W DICASTRI | 555 E WELLS ST, STE 1900 | | | MILWAUKEE | WI | 53202 | US | 414-223-5000 | fdicastri@whdlaw.com |
| MSL | PROPOSED COUNSEL FOR DEBTORS | WHYTE HIRSCHBOECK DUDEK SC | ATTN LINDSEY M GREENAWALD | 556 E WELLS ST, STE 1900 | | | MILWAUKEE | WI | 53202 | US | 414-223-5000 | lgreenawald@whdlaw.com |
| MSL | PROPOSED COUNSEL FOR DEBTORS | WHYTE HIRSCHBOECK DUDEK SC | ATTN DARYL L DIESING | 555 E WELLS ST, STE 1900 | | | MILWAUKEE | WI | 53202 | US | 414-223-5000 | ddiesing@whdlaw.com |
| MSL | PROPOSED COUNSEL FOR DEBTORS | WHYTE HIRSCHBOECK DUDEK SC | ATTN IANA A VLADIMIROVA | 33 E MAIN ST, STE 300 | PO BOX 1379 | | MADISON | WI | 53701 | US | 608-258-7138 | ivladimirova@whdlaw.com |
| MSL | PROPOSED INVESTMENT BANKER | LIVINGSTONE PARTNERS LLC | ATTN JOE GREENWOOD | 443 NORTH CLARK | | | CHICAGO | IL | 60654 | US | 312-670-5920 | greenwood@livingstonepartners.com |
| MSL | PROPOSED RESTRUCTURING OFFICER AND FINANCIAL ADVISOR | ALVAREZ AND MARSAL NORTH AMERICA LLC | ATTN REILLY OLSON | 55 WEST MONROE ST, STE 4000 | | | CHICAGO | IL | 60603 | US | 312-332-4599 | rolson@alvarezandmarsal.com |
| MSL | STATE OF WISCONSIN ATTORNEY GENERAL'S OFFICE | WISCONSIN DEPARTMENT OF JUSTICE | | PO BOX 7857 | | | MADISON | WI | 53707 | US | 608-267-2779 | |
| MSL | TOP 30 CREDITOR | AON RISK SERVICES CENTRAL | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | AON RISK SERVICES CO, INC | 75 REMITTANCE DR | SUITE 1943 | CHICAGO | IL | 60675 | US | | |
| MSL | TOP 30 CREDITOR | CARL RUEDEBUSCH LLC | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | PO BOX 8218 | | | MADISON | WI | 53708 | US | 608-249-2032 | info@ruedebusch.com |
| MSL | TOP 30 CREDITOR | CASCADIA INTELLECTUAL | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | 12360 LAKE CITY WAY NE | SUITE 501 | | SEATTLE | WA | 98125 | US | 206-381-3999 | info@cascadiaip.com |
| MSL | TOP 30 CREDITOR | CELESTICA ELECTRONICS (M) SDN BHD | ATTN SHARIFAH OMAR | LOT 01 AIRPORT LOGISTICS PARK | SULTAN ISMAIL INTERNATIONAL AIRPORT | | 11758 SENAI, JOHOR 81250 MALAYSIA | | | MY | 011-607-596-2333 | |
| MSL | TOP 30 CREDITOR | DEFENSE FINANCE ACCOUNTING SVC | ATTN ALTON KING | ACCOUNTS PAYABLE | 8899 E 56TH ST | DFAS-IN VP GFEBS-HQ0490 | INDIANAPOLIS | IN | 46249 | US | 317-275-0281 | alton.v.king.civ@mail.mil |
| MSL | TOP 30 CREDITOR | EDUNEERING HOLDINGS | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | PO BOX 7777 | W510231 | | PHILADELPHIA | PA | 19175 | US | 609-627-5330 | |
| MSL | TOP 30 CREDITOR | ELECTRONIC CONCEPTS, INC. | ATTN SUE NAIK | PO BOX 1278 | | | EATONTOWN | NJ | 07724 | US | 732-542-0524 | |
| MSL | TOP 30 CREDITOR | FEDEX ONLINE ACCOUNT | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | FEDEX LOCKBOX 360353 | ROOM 154-0455 | 500 ROSS STREET | PITTSBURGH | PA | 15262 | US | | |
| MSL | TOP 30 CREDITOR | FEDEX TRADE NTWKS T & B | ATTN PATRICIA JONES | PO BOX 842206 | | | BOSTON | MA | 02284 | US | | patricia_jones@ftn.fedex.com |
| MSL | TOP 30 CREDITOR | GORDON FLESCH COMPANY, INC. | ATTN CUST SERVICE | 2675 RESEARCH PARK DR | | | MADISON | WI | 53711 | US | 608-441-1800 | |
| MSL | TOP 30 CREDITOR | MINNESOTA WIRE & CABLE COMPANY | ATTN BOB POPE | 1835 ENERGY PARK DR | | | ST PAUL | MN | 55108 | US | 651-642-9201 | bpope@mnwire.com |
| MSL | TOP 30 CREDITOR | MODERN METAL PRODUCTS | ATTN GARY SANFORD | 1200 12TH AVENUE, NW | | | OWATONNA | MN | 55060 | US | 507-451-0882 | |
| MSL | TOP 30 CREDITOR | PATTERSON THUENTE IP | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | CHRISTENSEN PEDERSEN, PA | 4800 IDS CENTER, 80 SOUTH 8TH ST | | MINNEAPOLIS | MN | 55402 | US | | info@ptslaw.com |
| MSL | TOP 30 CREDITOR | SAFT AMERICA, INC | ATTN BETTY SIDES | 313 CRESCENT STREET | | | VALDESE | NC | 28690 | US | 828-879-3981 | |
| MSL | TOP 30 CREDITOR | SERVICESOURCE INTERNATIONAL, INC. | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | 201 FOURTH AVE NORTH | STE 300 | | NASHVILLE | TN | 37219 | US | | |
| MSL | TOP 30 CREDITOR | SHELL-CASE | ATTN SARIT BERKOVICH | 4B, 12 SHIPYARD LANE | QUARRY BAY | | HONG KONG CHINA | | | HK | 011-972-722-740-072 | |
| MSL | TOP 30 CREDITOR | TECNOVA | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | 2383 N DELANY ROAD | | | WAUKEEGAN | IL | 60087 | US | | awarack@tecnova.com |
| MSL | TOP 30 CREDITOR | TETRAFAB, LLC | ATTN MELISSA CARROLL | 3429 KNOBS VALLEY DRIVE | | | FLOYDS KNOBS | IN | 47119 | US | 812-258-4049 | mcarroll@tetrafab.com |

**MASTER SERVICE LIST**
*In re* Cardiac Science Corporation
As of 10/20/2015 12:45:47 PM **

| Source * | Function/Party Represented | Company | Contact | Address 1 | Address 2 | Address 3 | City (Foreign ZIP/Country) | State | Zip | Country | Fax | Email |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MSL | TOP 30 CREDITOR | TOP SAFETY PRODUCTS | ATTN KEN KALLISH | 160 MEISTER AVE | STE 16 | | BRANCHBURG | NJ | 08876 | US | 908-707-8326 | infowizard@topsafety.com |
| MSL | TOP 30 CREDITOR | WILD ELEKTRONIK GMBH | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | MERVELDTSTRAßE 6 | D-79423 HEITERSHEIM GERMANY | | | | | DE | | info@wild-connect.de |
| MSL | US ATTORNEY'S OFFICE - WASHINGTON DC | EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS | | UNITED STATES DEPARTMENT OF JUSTICE | 950 PENNSYLVANIA AVE NW, RM 2242 | | WASHINGTON | DC | 20530 | US | | |
| MSL | US ATTORNEY'S OFFICE - WISCONSIN | UNITED STATES ATTORNEY'S OFFICE | | WESTERN DISTRICT OF WISCONSIN | 222 W WASHINGTON AVE | STE 700 | MADISON | WI | 53703 | US | | |
| MSL | US DEPARTMENT OF JUSTICE | US DEPARTMENT OF JUSTICE | ATTN TONY WEST, ASST ATTORNEY GENERAL | CIVIL DIVISION | 950 PENNSYLVANIA AVE, NW | | WASHINGTON | DC | 20530 | US | 202-307-6777 | askdoj@usdoj.gov |
| MSL | US TRUSTEE'S OFFICE - WESTERN DISTRICT OF WISCONSIN | OFFICE OF THE UNITED STATES TRUSTEE | ATTN  DEBRA SCHNEIDER | 780 REGENT STREET, STE 304 | | | MADISON | WI | 53715 | US | 608-264-5182 | |
| | *  MSL = Master Service List | | | | | | | | | | | |
| | ** Subject to continuous update and review | | | | | | | | | | | |