**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

| | |
|---|---|
| In re: | Case No. 15-_____ |
| **CARDIAC SCIENCE CORPORATION,** | Chapter 11 |
| Debtor. | Hon. Robert D. Martin |

---

**MOTION FOR AN ORDER AUTHORIZING (A) MAINTENANCE OF EXISTING BANK ACCOUNTS, (B) CONTINUED USE OF EXISTING CHECKS AND BUSINESS FORMS, AND (C) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM**

---

Cardiac Science Corporation, debtor and debtor-in-possession (the "Debtor"), hereby moves for the entry of an order authorizing the maintenance of its existing bank accounts, the continued use of its existing checks and business forms, and the continued use of its existing cash management system.

**Jurisdiction**

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference from the United States District Court for the Western District of Wisconsin dated June 12, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are §§ 105(a), 345, 363, 364, 503, 507, 1107 and 1108 of Title 11 of the United States Code (the "Bankruptcy Code").

**Background**

1. On October 20, 2015 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor is continuing in possession of its property and is operating and managing its business, as a debtor-in-possession, pursuant to Bankruptcy Code §§ 1107 and 1108. No request has been made for the appointment of a trustee or an examiner, and no official committee has been established as of the date of this filing.

3. More information on the Debtor and its operations can be found in the *Affidavit of Michael Kang in Support of First Day Pleadings* (the "Kang Affidavit") filed herewith and incorporated by reference.

**Relief Requested**

**A.   The Debtor Should Be Granted Authority To Maintain Its Existing Bank Accounts**

4. The United States Trustee for the Western District of Wisconsin (the "U.S. Trustee") has established certain operating guidelines for debtors-in-possession (the "U.S. Trustee Guidelines"). Specifically, the U.S. Trustee Guidelines require a Chapter 11 debtor-in-possession to open new bank accounts and close all existing accounts. This requirement was designed to provide a clear line of demarcation between pre-petition and post-petition claims and payments, and to protect against the inadvertent payment of pre-petition claims by preventing the banks from honoring checks drawn before the Petition Date.

5. Before the Petition Date, the Debtor, in the ordinary course of its business, maintained six bank accounts (collectively, the "Bank Accounts") which are listed on Exhibit A, attached hereto. All but one of the Debtor's Bank Accounts are held at U.S. Bank National

Association, an FDIC-insured banking institution which has complied with 11 U.S.C. § 345 and maintains appropriate government guaranteed deposit protection insurance ("U.S. Bank"). The sixth Bank Account is maintained at Waukesha State Bank. The function of each of the Bank Accounts in the Debtor's overall Cash Management System (defined below) is described in detail below.

6. The Debtor seeks a waiver of the U.S. Trustee's requirement that the Bank Accounts be closed and that new post-Petition bank accounts be opened. Complying with this U.S. Trustee requirement would be time-consuming, disruptive and would divert the Debtor's efforts from focusing on its restructuring. Furthermore, maintaining the Bank Accounts would greatly facilitate the Debtor's transition to the post-Petition period. To avoid delays in paying debts incurred post-Petition and to ensure as smooth a transition into Chapter 11 as possible, the Debtor should be permitted to maintain the existing Bank Accounts and, if necessary, to open new accounts and close existing accounts in the ordinary course of business operations.

7. To maintain a clear distinction between pre-Petition and post-Petition claims and payments, and to prevent the inadvertent payment of pre-Petition claims, the Debtor established a detailed, internal system for tracking claims and payments that will separate pre-Petition and post-Petition payments so that each can be treated in accordance with the Bankruptcy Code and this Court's orders. Very few pre-petition checks are outstanding. Furthermore, the Debtor will work closely with U.S. Bank and Waukesha State Bank to ensure that each bank honors only those payments that the Debtor is authorized and intends to make.

8. Bankruptcy courts frequently waive the requirement that a debtor-in-possession close its bank accounts and replace this requirement with alternative procedures that provide the same protections. See, e.g., In re Arrowhead Sys. LLC, Case No. 02-B-20147 (MDM) (Bankr.

E.D. Wis. Jan. 7, 2002) (order authorizing the continued use of the Debtor's existing cash management system).

9. For all of the foregoing reasons, the Debtor asks the Court to waive the strict enforcement of the bank account closing requirement and replace it with the alternative procedures described above. The Debtor further requests that the Bank Accounts be deemed debtor-in-possession accounts and that the Debtor be authorized to maintain and continue using the Bank Accounts in the same manner, and with the same account numbers, styles and document forms as those employed before the Petition Date.

10. The Debtor requests that the existing agreements between Debtor and any applicable bank are not assumed, but continue to govern the post-petition cash management relationship between Debtor and such bank. The Debtor also requests that all of the provisions of such agreements shall remain in full force and effect and Debtor is authorized, but not directed, to comply with the terms of such agreements.

11. The Debtor further requests that the banks be authorized to continue to service and administer the Bank Accounts as accounts of Debtor as debtor-in-possession without interruption, and to receive, process, honor and pay any and all checks and drafts drawn on, or electronic transfer requests made on, the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

12. In addition, the Debtor requests that the banks may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored or dishonored pursuant to this or any other order of this Court, and the banks shall not have any liability to any party for relying on such representations by the applicable Debtor. The Debtor proposes to timely furnish to the banks stop

WHD/11929096.13

4

payment orders for any checks or other payment orders issued prior to the Petition Date which the Debtor does not want to be honored in accordance with the applicable agreement governing such relationship.

13. Finally, the Debtor requests that the banks are not permitted to set off any outstanding non-depository or non-treasury management obligations, such as loans or letter of credit reimbursements, against the Bank Accounts, except for outstanding obligations related to customary bank and treasury management charges incurred in the ordinary course of business for such Bank Accounts; provided, however, that this prohibition does not apply to the rights of U.S. Bank with respect to its collateral account number [xxxxxx8033].

**B.    The Debtor Should Be Granted Authority To Use Existing Business Forms**

14. To minimize expense to its estate, the Debtor requests that it be authorized to continue to use all correspondence, business forms (including, but not limited to, letterheads, purchase orders and invoices) in use immediately prior to the Petition Date, without reference to the Debtor's status as a debtor-in-possession.  With regard to correspondence, business forms and the like, parties doing business with the Debtor will likely be aware of its status as debtor-in-possession as a result of the size and notoriety of its Chapter 11 case, general press coverage and the publication notice for this Chapter 11 case.  The Debtor further requests that it be authorized to use its existing stock of checks, manually modified to note the Debtor's status as debtor-in-possession.  With respect to checks, replacement of the Debtor's check stock would take three weeks or more.  The already large volume of checks drawn by the Debtor prior to the Petition Date will increase as creditors impose cash terms post-petition.  It is unrealistic to expect that the Debtor postpone purchases or defer payment pending the stationer's delivery of check stock.  A

requirement that the Debtor change its checks and business forms would be expensive and burdensome to the Debtor's estate and disruptive to the Debtor's reorganization.

15. Other courts have allowed debtors to use their existing checks and business forms without the "debtor-in-possession" designation on each such check or form. *See* In re Gold-Standard Baking, Inc., 179 B.R. 98, 105-06 (Bankr. N.D. Ill. 1995) (holding United States Trustee's requirement prohibiting issuance of checks without "debtor-in-possession" designation to be unenforceable); *see also* In re Dade Behring Holdings, Inc., Case No. 02-29020 (BWB) (Bankr. N.D. Ill. Aug. 1, 2002) (authorizing, among other things, the continued use of existing checks and other business forms without requiring use of a "debtor-in-possession" legend).

16. For these reasons, the Debtor requests that it be authorized to use its existing business forms without being required to place the designation "Debtor-in-Possession" on each business form and use its existing check stock subject to placing the "Debtor-in-Possession" legend on each check issued.

## C. The Debtor Should Be Granted Authority to Continue to Use Its Cash Management System

17. In the ordinary course of business before the Petition Date, the Debtor used a centralized, integrated cash management system (the "Cash Management System"). The Debtor's Cash Management System consists of a two operating accounts. The first operating account is at U.S. Bank (the "US Bank Operating Account") and has the following sub-accounts: a Controlled Disbursements Account (the "US Bank Disbursement Account"), an ACH Originating Account (the "ACH Originating Account") and a Payroll Account (the "Payroll Account"). In addition, the Debtor has a collateral account with U.S. Bank (the "Collateral Account"), held for the benefit of U.S. Bank. The second Operating Account is at Waukesha

State Bank (the "<u>Waukesha State Bank Operating Account</u>") and does not have any sub-accounts. Disbursements are primarily made through one of three methods: (a) a traditional written check; (b) wire transfers from the Debtor's Bank accounts; or (c) automatic clearing house payments (the "<u>ACH Payments</u>").[1] The chart attached hereto as **Exhibit B** illustrates the flow of funds through the Debtor's Cash Management System. The following is a brief description of the Cash Management System:

(a)  <u>US Bank Operating Account</u>

The Debtor maintains an operating account at U.S. Bank which is used for the collection of receivables from customers and other parties which flow either directly from customers or through the US Bank Lockbox Account.

(b)  <u>US Bank Disbursement Account</u>

The Debtor also maintains a disbursements account with U.S. Bank. The U.S. Bank Disbursement Account is used for disbursements to vendors and for other accounts payable. As needed, funds necessary to cover disbursements are transferred to the U.S. Bank Disbursement Account from the US Bank Operating Account at the request of the Debtor's management office.

(c)  <u>ACH Originating Account</u>

The Debtor also maintains a ACH originating account with U.S. Bank. The ACH Originating Account is used for ACH disbursements to vendors and for other accounts payable. As needed, funds necessary to cover disbursements are transferred to the U.S. Bank Disbursement Account from the US Bank Operating Account at the request of the Debtor's management office.

---

[1] ACH Payments are electronic fund transfers through a system run by a third-party administrator, the National Automated Clearing House Association, and are generally used as a substitute for checks and to make electronic payments of a repetitive nature at a reduced cost as compared to wire transfers.

(d)     Payroll Account

The Payroll Account is funded from the main operating account and the Debtor's payroll processor, ADP, pulls the funds directly via reverse wire every pay period.

(e)     Merchant Card Account

The Merchant Card Account is used to process credit card transactions.

(f)     Collateral Account

The Collateral Account contains approximately $60,000 as collateral for obligations which may arise to U.S. Bank.

(g)     Waukesha State Bank Operating Account

The Waukesha State Bank Operating Account is used for the collection of receivables from customers and other parties as well as for disbursements to vendors and general accounts payable. The Waukesha State Bank Operating Account is funded through intercompany transfers from U.S. Bank as well as from customer receivables.

**D.     Need to Continue Cash Management System**

18.     Maintenance of the Cash Management System will prevent the undue disruption of the Debtor's business during the Chapter 11 case. It is critical that the Debtor continue to centrally coordinate fund transfers to efficiently and effectively operate its business. Disrupting the Debtor's Cash Management System would severely impair the Debtor's ability to preserve and enhance its going concern value in this Chapter 11 case.

19.     The Debtor's Cash Management System with U.S. Bank has been in place for a long period of time. The Waukesha State Bank account was opened in September 2015. The Cash Management System is similar in form to those commonly employed by corporate

enterprises similar in size and complexity to the Debtor. It functions well for the Debtor in terms of tracking corporate expenditures, matching cash with cash needs and ease of account record keeping, movement of funds and the development of timely and accurate account balance, process and presentment information.

20. In addition, it would be inefficient for the Debtor to establish an entirely new system of accounts and a new cash management system. Preserving the "business as usual" atmosphere and avoiding the unnecessary distractions that would inevitably be associated with any substantial disruption in the Debtor's Cash Management System will facilitate the efficient resolution of this Chapter 11 case. Thus, under the circumstances, maintaining the Debtor's Cash Management System is both essential and in the best interests of its estate and creditors. The Debtor will continue to maintain strict records with respect to all transfers of cash so that transactions can be readily traced and evaluated.

21. The continued use of cash management systems employed in the ordinary course of a debtor's prepetition business has been approved as a routine matter in other cases. See, e.g., In re Arrowhead Sys. LLC, Case No. 02-B-20147 (MDM) (Bankr. E.D. Wis. Jan. 7, 2002) (order authorizing the continued use of the Debtor's existing cash management system); In re FV Steel and Wire Co., et al., No. 04-22421 (SVK) (Bankr. E.D. Wis. Feb. 26, 2004) (same); In re Conseco Inc., Case No. 02-49672 (CAD) (Bankr. N.D. Ill. Dec. 17, 2002); In re UAL Corp., Case No. 02-B-48191 (ERW) (Bankr. N.D. Ill. Dec. 9, 2002) (same); In re Dade Behring Holdings, Inc., Case No. 02-29020 (BWB) (Bankr. N.D. Ill. Aug. 1, 2002) (same); In re National Steel Corp., Case No. 02-08699 (JHS) (Bankr. N.D. Ill. Mar. 6, 2002); In re Amfac Hawaii, LLC, Case No. 02-07637 (BWB) (Bankr. N.D. Ill. Feb. 27, 2002) (same); In re Kmart Corp., Case No. 02-02474 (SS) (Bankr. N.D. Ill. Jan. 25, 2002) (same).

**Notice**

22. Notice of this Motion will be provided via electronic mail, or facsimile, to the parties or their counsel identified on the attached Service List. Given the nature of the relief requested herein, Debtor submits that no other notice is necessary and asks the Court, pursuant to Fed. R. Bankr. P. 9007, to approve the same.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order (A) authorizing the Debtor to (i) maintain its existing Bank Accounts, (ii) continue to use its existing checks and business forms, and (iii) continue to use its existing Cash Management System, and (B) granting such other and further relief as the Court deems appropriate.

Dated this 20th day of October, 2015

        CARDIAC SCIENCE CORPORATION
        Debtor and Debtor-In-Possession


By:   /s/ *Daryl L. Diesing*
      Daryl L. Diesing
      Frank W. DiCastri
      Lindsey M. Greenawald
      WHYTE HIRSCHBOECK DUDEK, S.C.
      555 E. Wells Street, Suite 1900
      Milwaukee, WI  53202
      Telephone: (414) 273-2100
      Facsimile:  (414) 223-5000
      Email: ddiesing@whdlaw.com
             fdicastri@whdlaw.com
             lgreenawald@whdlaw.com

and

Daniel J. McGarry
Iana A. Vladimirova
WHYTE HIRSCHBOECK DUDEK, S.C.
33 E. Main Street, Suite 300
P.O. Box 1379
Madison, WI  53701-1379
Telephone:  (608) 255-4440
Facsimile:  (608) 258-7138
Email: dmcgarry@whdlaw.com
       ivladimirova@whdlaw.com

*Proposed counsel to the Debtor and Debtor-in-Possession*

# Exhibit A

## Bank Accounts

| **Bank** | **Account Number** | **Purpose** |
|---|---|---|
| U.S. Bank National Association | X-XXX-XXXX-7811 | US Bank General Operating Account |
| U.S. Bank National Association | X-XXX-XXXX-7886 | US Bank Payroll Account |
| U.S. Bank National Association | X-XXX-XXXX-4946 | US Bank Controlled Disbursements Account |
| U.S. Bank National Association | X-XXX-XXXX-9858 | US Bank ACH Originating Account |
| U.S. Bank National Association | X-XXX-XXXX-8033 | US Bank Collateral Account |
| U.S. Bank National Assocation | XXXXXX0295 | Merchant Card Account |
| Waukesha State Bank | XXXX5963 | Waukesha State Bank Operating Account |

**Exhibit B**
Cash Management Charts



## **SERVICE LIST**

WHD/11929096.13

3

**GCG** Garden City Group, LLC

**MASTER SERVICE LIST**
*In re* Cardiac Science Corporation
As of 10/20/2015 12:45:47 PM **

| Source * | Function/Party Represented | Company | Contact | Address 1 | Address 2 | Address 3 | City (Foreign ZIP/Country) | State | Zip | Country | Fax | Email |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MSL | BANKING INSTITUTION | US BANK | ATTN SUZANNE M BEDROS, VP, SPECIAL ASSETS GROUP | US BANCORP CENTER | 800 NICOLLET MALL | | MINNEAPOLIS | MN | 55402 | US | 612-303-4660 | suzanne.bedros@usbank.com |
| MSL | BANKING INSTITUTION | US BANK | ATTN DENISA TEODORESCU | PD WA T11S | 1420 FIFTH AVE FLOOR 11 | | SEATTLE | WA | 98101 | US | 206-344-2332 | denisa.teodorescu@usbank.com |
| MSL | BANKING INSTITUTION | WAUKESHA STATE BANK | ATTN MICHELLE BANKS, BANK MANAGER | 151 E ST PAUL AVE | | | WAUKESHA | WI | 53188 | US | | mbanks@waukeshabank.com |
| MSL | BOARD OF DIRECTORS | KUGMAN PARTNERS INC | ATTN TREVOR TOPPEN | 736 N WESTERN AVE, #200 | | | LAKE FOREST | IL | 60045 | US | 312-251-5551 | ttoppen@kugman.com |
| MSL | BOARD OF DIRECTORS | KUGMAN PARTNERS INC | ATTN BRENT KUGMAN | 736 N WESTERN AVE, #200 | | | LAKE FOREST | IL | 60045 | US | 312-251-5551 | bkugman@kugman.com |
| MSL | BOARD OF DIRECTORS' COUNSEL | GODFREY & KAHN, SC | ATTN TIMOTHY F NIXON | 780 N WATER ST | | | MILWAUKEE | WI | 53202 | US | 414-273-5198 | tnixon@gklaw.com |
| MSL | COMPANY BOARD OF DIRECTORS | WILLOW TREE CONSULTING GROUP | ATTN CARL LANE | 233 S WACKER, 84TH FL | | | CHICAGO | IL | 60606 | US | 312-283-8821 | clane@willowtreecg.com |
| MSL | COUNSEL FOR FORMER BOARD, OFFICERS AND EMPLOYEES VINOD RAMNANI, THOMAS DIETIKER, JAYESH PATEL, ARVIND MANJEGOWDA, SRIDHAR THYAGARAJAN AND ASHWIN KHEMANI | KRAVIT HOVEL & KRAWCZYK SC | ATTN STEPHEN KRAVIT | 825 N JEFFERSON ST, STE 500 | | | MILWAUKEE | WI | 53202 | US | 414-271-8135 | kravit@kravitlaw.com |
| MSL | COUNSEL FOR FORMER BOARD, OFFICERS AND EMPLOYEES VINOD RAMNANI, THOMAS DIETIKER, JAYESH PATEL, ARVIND MANJEGOWDA, SRIDHAR THYAGARAJAN AND ASHWIN KHEMANI | KRAVIT HOVEL & KRAWCZYK SC | ATTN BENJAMIN PRINSEN | 825 N JEFFERSON ST, STE 500 | | | MILWAUKEE | WI | 53202 | US | 414-271-8135 | brp@kravitlaw.com |
| MSL | COUNSEL FOR NISHITA PATEL | MEISSNER TIERNEY FISHER & NICOLS | ATTN MICHAEL J COHEN | 111 E KILBOURN AVE, 19TH FL | | | MILWAUKEE | WI | 53202 | US | 414-273-5840 | mjc@mtfn.com |
| MSL | COUNSEL FOR OPTO CARDIAC CARE LTD. AND OPTO CIRCUITS (INDIA) LTD. | QUARLES & BRADY LLP | ATTN MARK T ERHMANN | 33 E. MAIN ST, #900 | | | MADISON | WI | 53703 | US | 602-229-5690 | mark.erhmann@quarles.com |
| MSL | COUNSEL FOR OPTO CARDIAC CARE LTD. AND OPTO CIRCUITS (INDIA) LTD. | QUARLES & BRADY LLP | ATTN VALERIE BAILEY-RIHN | 33 E. MAIN ST, #900 | | | MADISON | WI | 53703 | US | 602-229-5690 | val.bailey@quarles.com |
| MSL | COUNSEL FOR US BANK | FAEGRE BAKER DANIELS | ATTN MICHAEL R STEWART | 2200 WELLS FARGO CENTER | 90 S SEVENTH ST | | MINNEAPOLIS | MN | 55402 | US | (61-2) -766- | michael.stewart@faegrebd.com |
| MSL | GOVERNMENT ENTITY | ATTORNEY GENERAL'S OFFICE | ATTN PUBLIC INQUIRY UNIT | CALIFORNIA DEPARTMENT OF JUSTICE | PO BOX 944255 | | SACRAMENTO | CA | 94244 | US | (91-6) -323- | |
| MSL | INTERNAL REVENUE SERVICE | INTERNAL REVENUE SERVICE | | INSOLVENCY UNIT | PO BOX 7346 | | PHILADELPHIA | PA | 19101 | US | | |
| MSL | LENDER | CFS 915, LLC | ATTN AYUSH SINGHANIA | 10877 WILSHIRE BLVD, #2250 | | | LOS ANGELES | CA | 90024 | US | | singhania@auroracap.com |
| MSL | LENDER | CFS 915, LLC | ATTN SEAN OZBOLT | 10877 WILSHIRE BLVD, #2250 | | | LOS ANGELES | CA | 90024 | US | | sozbolt@auroracap.com |
| MSL | LENDER | HDFC BANK LTD | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | BAHRAIN BRANCH | WEST TOWER, 40TH FL, BLDG, #1459, ROAD #4626 | | MANAMAN BAHRAIN | | | BH | | |
| MSL | LENDER'S COUNSEL | FOLEY & LARDNER LLP | ATTN THOMAS L SHRINER, JR | 777 E. WISCONSIN AVE | | | MILWAUKEE | WI | 53202 | US | 414-297-4900 | tshriner@foley.com |
| MSL | LENDER'S COUNSEL | FOLEY & LARDNER, LLP | ATTN MATTHEW D LEE | 150 E GILMAN ST, STE 5000 | | | MADISON | WI | 53703 | US | 608-258-4258 | mdlee@foley.com |
| MSL | LENDER'S COUNSEL | LATHAM & WATKINS LLP | ATTN CAROLINE A RECKLER | 330 N WABASH AVE, #2800 | | | CHICAGO | IL | 60611 | US | 213-891-8763 | caroline.reckler@lw.com |
| MSL | LENDER'S COUNSEL | LATHAM & WATKINS LLP | ATTN JOSEF A ATHANAS | 330 N WABASH AVE, #2800 | | | CHICAGO | IL | 60611 | US | 213-891-8763 | josef.athanas@lw.com |
| MSL | PROPOSED CHIEF RESTRUCTURING OFFICER AND FINANCIAL ADVISOR | ALVAREZ AND MARSAL NORTH AMERICA LLC | ATTN MICHAEL KANG | 425 MARKET ST, FL 18 | | | SAN FRANCISCO | CA | 94105 | US | 415-490-2300 | mkang@alvarezandmarsal.com |
| MSL | PROPOSED CLAIMS AND NOTICING AGENT FOR DEBTORS | GARDEN CITY GROUP, LLC | ATTN ISABEL BAUMGARTEN | 1985 MARCUS AVE, STE 200 | | | LAKE SUCCESS | NY | 11042 | US | 631-940-6554 | isabel.baumgarten@gardencitygroup.com |
| MSL | PROPOSED COUNSEL FOR DEBTORS | WHYTE HIRSHBOECK DUDEK SC | ATTN FRANK W DICASTRI | 555 E WELLS ST, STE 1900 | | | MILWAUKEE | WI | 53202 | US | 414-223-5000 | fdicastri@whdlaw.com |
| MSL | PROPOSED COUNSEL FOR DEBTORS | WHYTE HIRSHBOECK DUDEK SC | ATTN LINDSEY M GREENAWALD | 556 E WELLS ST, STE 1900 | | | MILWAUKEE | WI | 53202 | US | 414-223-5000 | lgreenawald@whdlaw.com |
| MSL | PROPOSED COUNSEL FOR DEBTORS | WHYTE HIRSHBOECK DUDEK SC | ATTN DARYL L DIESING | 555 E WELLS ST, STE 1900 | | | MILWAUKEE | WI | 53202 | US | 414-223-5000 | ddiesing@whdlaw.com |
| MSL | PROPOSED COUNSEL FOR DEBTORS | WHYTE HIRSHBOECK DUDEK SC | ATTN IANA A VLADIMIROVA | 33 E MAIN ST, STE 300 | PO BOX 1379 | | MADISON | WI | 53701 | US | 608-258-7138 | ivladimirova@whdlaw.com |
| MSL | PROPOSED INVESTMENT BANKER | LIVINGSTONE PARTNERS LLC | ATTN JOE GREENWOOD | 443 NORTH CLARK | | | CHICAGO | IL | 60654 | US | 312-670-5920 | greenwood@livingstonepartners.com |
| MSL | PROPOSED RESTRUCTURING OFFICER AND FINANCIAL ADVISOR | ALVAREZ AND MARSAL NORTH AMERICA LLC | ATTN REILLY OLSON | 55 WEST MONROE ST, STE 4000 | | | CHICAGO | IL | 60603 | US | 312-332-4599 | rolson@alvarezandmarsal.com |
| MSL | STATE OF WISCONSIN ATTORNEY GENERAL'S OFFICE | WISCONSIN DEPARTMENT OF JUSTICE | | PO BOX 7857 | | | MADISON | WI | 53707 | US | 608-267-2779 | |
| MSL | TOP 30 CREDITOR | AON RISK SERVICES CENTRAL | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | AON RISK SERVICES CO, INC | 75 REMITTANCE DR | SUITE 1943 | CHICAGO | IL | 60675 | US | | |
| MSL | TOP 30 CREDITOR | CARL RUEDEBUSCH LLC | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | PO BOX 8218 | | | MADISON | WI | 53708 | US | 608-249-2032 | info@ruedebusch.com |
| MSL | TOP 30 CREDITOR | CASCADIA INTELLECTUAL | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | 12360 LAKE CITY WAY NE | SUITE 501 | | SEATTLE | WA | 98125 | US | 206-381-3999 | info@cascadiaip.com |
| MSL | TOP 30 CREDITOR | CELESTICA ELECTRONICS (M) SDN BHD | ATTN SHARIFAH OMAR | LOT 01 AIRPORT LOGISTICS PARK | SULTAN ISMAIL INTERNATIONAL AIRPORT | | 11758 SENAI, JOHOR 81250 MALAYSIA | | | MY | 011-607-596-2333 | |
| MSL | TOP 30 CREDITOR | DEFENSE FINANCE ACCOUNTING SVC | ATTN ALTON KING | ACCOUNTS PAYABLE | 8899 E 56TH ST | DFAS-IN VP GFEBS-HQ0490 | INDIANAPOLIS | IN | 46249 | US | 317-275-0281 | alton.v.king.civ@mail.mil |
| MSL | TOP 30 CREDITOR | EDUNEERING HOLDINGS | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | PO BOX 7777 | W510231 | | PHILADELPHIA | PA | 19175 | US | 609-667-5330 | |
| MSL | TOP 30 CREDITOR | ELECTRONIC CONCEPTS, INC. | ATTN SUE NAIK | PO BOX 1278 | | | EATONTOWN | NJ | 07724 | US | 732-542-0524 | |
| MSL | TOP 30 CREDITOR | FEDEX ONLINE ACCOUNT | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | FEDEX LOCKBOX 360453 | ROOM 154-0455 | 500 ROSS STREET | PITTSBURGH | PA | 15262 | US | | |
| MSL | TOP 30 CREDITOR | FEDEX TRADE NTWKS T & B | ATTN PATRICIA JONES | PO BOX 842206 | | | BOSTON | MA | 02284 | US | | patricia_jones@ftn.fedex.com |
| MSL | TOP 30 CREDITOR | GORDON FLESCH COMPANY, INC. | ATTN CUST SERVICE | 2675 RESEARCH PARK DR | | | MADISON | WI | 53711 | US | 608-441-1800 | |
| MSL | TOP 30 CREDITOR | MINNESOTA WIRE & CABLE COMPANY | ATTN BOB POPE | 1835 ENERGY PARK DR | | | ST PAUL | MN | 55108 | US | 651-642-9201 | bpope@mnwire.com |
| MSL | TOP 30 CREDITOR | MODERN METAL PRODUCTS | ATTN GARY SANFORD | 1200 12TH AVENUE, NW | | | OWATONNA | MN | 55060 | US | 507-451-0882 | |
| MSL | TOP 30 CREDITOR | PATTERSON THUENTE IP | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | CHRISTENSEN PEDERSEN, PA | 4800 IDS CENTER, 80 SOUTH 8TH ST | | MINNEAPOLIS | MN | 55402 | US | | info@ptslaw.com |
| MSL | TOP 30 CREDITOR | SAFT AMERICA, INC | ATTN BETTY SIDES | 313 CRESCENT STREET | | | VALDESE | NC | 28690 | US | 828-879-3981 | |
| MSL | TOP 30 CREDITOR | SERVICESOURCE INTERNATIONAL, INC. | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | 201 FOURTH AVE NORTH | STE 300 | | NASHVILLE | TN | 37219 | US | | |
| MSL | TOP 30 CREDITOR | SHELL-CASE | ATTN SARIT BERKOVICH | 4B, 12 SHIPYARD LANE | QUARRY BAY | | HONG KONG CHINA | | | HK | 011-972-722-740-072 | |
| MSL | TOP 30 CREDITOR | TECNOVA | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | 2383 N DELANY ROAD | | | WAUKEEGAN | IL | 60087 | US | | awarack@tecnova.com |
| MSL | TOP 30 CREDITOR | TETRAFAB, LLC | ATTN MELISSA CARROLL | 3429 KNOBS VALLEY DRIVE | | | FLOYDS KNOBS | IN | 47119 | US | 812-258-4049 | mcarroll@tetrafab.com |

**MASTER SERVICE LIST**
*In re* Cardiac Science Corporation
As of 10/20/2015 12:45:47 PM **

| Source * | Function/Party Represented | Company | Contact | Address 1 | Address 2 | Address 3 | City (Foreign ZIP/Country) | State | Zip | Country | Fax | Email |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MSL | TOP 30 CREDITOR | TOP SAFETY PRODUCTS | ATTN KEN KALLISH | 160 MEISTER AVE | STE 16 | | BRANCHBURG | NJ | 08876 | US | 908-707-8326 | infowizard@topsafety.com |
| MSL | TOP 30 CREDITOR | WILD ELEKTRONIK GMBH | ATTN PRESIDENT, MANAGING OR GENERAL AGENT | MERVELDTSTRAßE 6 | D-79423 HEITERSHEIM GERMANY | | | | | DE | | info@wild-connect.de |
| MSL | US ATTORNEY'S OFFICE - WASHINGTON DC | EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS | | UNITED STATES DEPARTMENT OF JUSTICE | 950 PENNSYLVANIA AVE NW, RM 2242 | | WASHINGTON | DC | 20530 | US | | |
| MSL | US ATTORNEY'S OFFICE - WISCONSIN | UNITED STATES ATTORNEY'S OFFICE | | WESTERN DISTRICT OF WISCONSIN | 222 W WASHINGTON AVE | STE 700 | MADISON | WI | 53703 | US | | |
| MSL | US DEPARTMENT OF JUSTICE | US DEPARTMENT OF JUSTICE | ATTN TONY WEST, ASST ATTORNEY GENERAL | CIVIL DIVISION | 950 PENNSYLVANIA AVE, NW | | WASHINGTON | DC | 20530 | US | 202-307-6777 | askdoj@usdoj.gov |
| MSL | US TRUSTEE'S OFFICE - WESTERN DISTRICT OF WISCONSIN | OFFICE OF THE UNITED STATES TRUSTEE | ATTN DEBRA SCHNEIDER | 780 REGENT STREET, STE 304 | | | MADISON | WI | 53715 | US | 608-264-5182 | |
| | * MSL = Master Service List | | | | | | | | | | | |
| | ** Subject to continuous update and review | | | | | | | | | | | |