UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In re:

Cardiac Science Corporation,

Debtor.

Case No. 15-13766-rdm
Chapter 11

**JOINT OBJECTION OF OPTO CIRCUITS (INDIA) LIMITED, OPTO CARDIAC CARE LIMITED AND CERTAIN FORMER OFFICERS AND DIRECTORS OF THE DEBTOR TO DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING (A) SECURED POST-PETITION FINANCING ON A SUPER PRIORITY BASIS PURSUANT TO 11 U.S.C. §§ 363, 364, AND 507(b), (B) USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (C) THE GRANT OF ADEQUATE PROTECTION PURSUANT TO §§ 363 AND 364, AND (D) MODIFICATION OF THE AUTOMATIC STAY**

Opto Cardiac Care Limited ("OCC"), the Debtor's corporate parent, Opto Circuits (India) Limited ("OCI" and collectively with OCC, "Opto"), the Debtor's ultimate parent, by Paul A. Lucey of Leverson Lucey & Metz S.C., and certain former officers and directors of the Debtor[1] by Stephen E. Kravit of Kravit, Hovel & Krawczyk S.C., hereby jointly object to the Debtor's Motion for Interim and Final Orders Authorizing (A) Secured Post-Petition Financing on a Super Priority Basis Pursuant to 11 U.S.C. §§ 363, 364, and 507(b), (B) Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (C) the Grant of Adequate Protection Pursuant to §§ 363 and 364, and (D) Modification of the Automatic Stay (the "Finance Motion").

1.    OCC is the holder of 100% of the common stock of Cardiac Science Corporation (the "Debtor"). OCI, an Indian publicly-traded company, is the parent of OCC and, therefore, the ultimate parent of the Debtor.

---

[1] *Vinod Ramnani, Thomas Dietiker, Jayesh Patel, Arvind Manjegowda, Sridhar Thyagarjan, Nishita Patel, and Ashwin Khemani*

1

2. Vinod Ramnani, Thomas Dietiker, Jayesh Patel, Arvind Manjegowda, Sridhar Thyagarjan, Nishita Patel, and Ashwin Khemani are former officers and directors, and current creditors of the Debtor (the "Officer/Director Creditors").

3. Opto and the Officer/Director Creditors (collectively, these "Objectors") object to Finance Motion on the following grounds:

   a. The Proposed Interim Order, which is Exhibit B to the DIP Finance Motion contains certain proposed Findings and Conclusions that are not adequately supported in the record. Chief among these is Finding and Conclusion P on page 10 (that the Lender has acted in good faith; that the financing arrangements described in the Finance Motion were negotiated at arm's length and in good faith; and that the financing provided pursuant to the terms of the Finance Motion will be provided in good faith).

   b. Order paragraphs 8(a) and 8(b) on pages 17-19 of the Proposed Interim Order grant the Lender a lien (subject to entry of the final finance order) on proceeds of any avoidance actions belonging to the Debtor's estate and an allowed super-priority administrative expense claim, thus virtually ensuring that no funds will ever be available for distribution to general unsecured creditors or for a creditors committee to perform its functions, except as permitted by narrow "carve-out" and "use-of-funds" provisions.

   c. Order paragraphs 20(a) and 20(b) on pages 31 and 32 of the Proposed Interim Order would appear to release the Lender from any claims of the Debtor, including claims that may be derivative of Opto's interest in the Debtor. The Objectors contend that such claims exist and are meritorious.

   d. The short Maturity Date proposed for the loans the Lender is to provide (not later than January 4, 2016) evidence the Lender's "loan to own" purpose and will preclude adequate marketing of the Debtor's assets.

2

4. The Objectors contend that the Lender has instigated this Chapter 11 case and crafted the Financing Motion to facilitate its hostile takeover of the Debtor. The Objectors will produce evidence to support this contention at the hearing on the Debtors Sale Motion. In the interim, the Court should not permit the Lender to insulate itself from liability, deprive a Creditors' Committee of unencumbered cash that may be needed to investigate the Lender, and establish by means of the Financing Motion a *de facto* timetable for a sale process designed to produce the Lender's desired result. See *In re Fisker Automotive Holdings, Inc.*, 510 BR 55 (Bankr. D. Del. 2014).

Dated this 22nd day of October, 2015.

LEVERSON LUCEY & METZ S.C.

/s/ Paul. A. Lucey
Paul A. Lucey
Attorneys for Opto Circuits (India) Ltd.
and Opto Cardiac Care Limited

3030 W. Highland Blvd
Milwaukee, WI  53208
(414) 539-4266
(414) 271-8504 (fax)
E-mail:  pal@levmetz.com

KRAVIT, HOVEL & KRAWCZYK S.C.

/s/ Stephen E. Kravit
Stephen E. Kravit
   State Bar No. 1016306
Benjamin R. Prinsen
   State Bar No. 1074311
*Attorneys by Special Appearance for Vinod Ramnani, Thomas Dietiker, Jayesh Patel, Arvind Manjegowda, Sridhar Thyagarjan, Nishita Patel, and Ashwin Khemani*

825 North Jefferson - Fifth Floor
Milwaukee, WI 53202
(414) 271-7100 - Telephone
(414) 271-8135 - Facsimile
kravit@kravitlaw.rdm
brp@kravitlaw.com