**THIS ORDER IS SIGNED AND ENTERED.**

**Dated: October 26, 2015**

_Robert D. Martin_
_____
**Hon. Robert D. Martin**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WISCONSIN**

_____

**In re:**                                                    **Case No. 15-  13766**

**CARDIAC SCIENCE CORPORATION,**              **Chapter 11**

        **Debtor.**                                    **Hon. Robert D. Martin**

_____

**ORDER AUTHORIZING (A) MAINTENANCE OF EXISTING BANK ACCOUNTS,**
**(B) CONTINUED USE OF EXISTING CHECKS AND BUSINESS FORMS AND**
**(C) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM**

_____

Upon the motion (the "Motion")[1] of Cardiac Science Corporation, debtor and debtor-in-

possession (the "Debtor") in the above-captioned Chapter 11 case seeking entry of an order

authorizing the Debtor to (a) maintain its existing bank accounts, (b) continue to use its existing

checks and business forms and (c) continue to use its existing cash management system; and

upon consideration of the _Affidavit Of Michael Kang In Support Of First Day Motions_ (the

"Kang Affidavit"); and it appearing that the relief requested is essential to the continued

operation of the Debtor's business and is in the best interest of the Debtor's estate and creditors;

and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and

_____

[1]    Capitalized terms not defined herein shall have the same meaning ascribed in the Motion.

WHD/11927613.9

adequate notice of the Motion having been given; and it appearing that no other notice need be

given; and it appearing that the relief requested is essential to the continued operation of the

Debtor's business and is in the best interest of the Debtor's estate and creditors; and after due

deliberation and sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    Nothing contained herein shall prevent the Debtor from requesting to open any

new bank accounts or to close any existing Bank Accounts as it may deem necessary and

appropriate.

3.    The existing agreements between Debtor and any applicable bank are not

assumed, but shall continue to govern the post-petition cash management relationship between

Debtor and such bank, and all of the provisions of such agreements shall remain in full force and

effect, and Debtor is authorized, but not directed, to comply with the terms of such agreements.

4.    The Debtor's banks are authorized to continue to service and administer the Bank

Accounts as accounts of Debtor as debtor-in-possession without interruption, and to receive,

process, honor and pay any and all checks and drafts drawn on, or electronic transfer requests

made on, the Bank Accounts after the Petition Date by the holders or makers thereof, as the case

may be; unless, with respect to any particular check, Debtor has delivered a stop payment order

to the applicable bank in accordance with the applicable agreement governing the Debtor's

deposit relationship with such bank.  Bank may rely on the representations of the Debtor with

respect to whether any check or other payment order drawn or issued by the Debtor prior to the

Petition Date should be honored or dishonored pursuant to this or any other order of this Court,

and the banks shall not have any liability to any party for relying on such representations by the

Debtor.  The Debtor shall timely furnish to the banks stop payment orders for any checks or

WHD/11927613.9

other payment orders issued prior to the Petition Date which the Debtor does not want to be honored in accordance with the applicable agreement governing such relationship.

5.      In no event shall any bank be permitted to set off any outstanding non-depository or non-treasury management obligations, such as loans or letter of credit reimbursements, against the Bank Accounts, except for outstanding obligations related to customary bank and treasury management charges incurred in the ordinary course of business for such Bank Accounts; provided, however, that this prohibition does not apply to the rights of U.S. Bank with respect to its collateral account number [xxxxxx8033].

6.      Banks are authorized to debit the applicable Bank Account in the ordinary course of business without the need for further order of this Court for (i) all checks drawn on the Debtor's applicable Bank Account which are cashed at a bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in the applicable Bank Account prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent Debtor is responsible for such items prior to the Petition Date; and (iii) all undisputed pre-petition amounts outstanding as of the date hereof, if any, owed to any bank as customary bank and treasury management charges for the maintenance of the Bank Accounts and the Cash Management System.

7.      The Debtor is hereby authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

9.      The Bank Accounts will be redesignated as debtor-in-possession accounts.

10.    All funds must be deposited in an authorized depository in compliance with

11 U.S.C. § 345.

###